UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff/Respondent, | )<br>) No. 6:15-CR-21-GFVT-HAI-4 |
| v. | )<br>) RECOMMENDED DISPOSITION |
| ERNEST HOLLOWAY, | )<br>) |
| Defendant/Movant. | )<br>)<br>) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Pursuant to 28 U.S.C. § 2255, Defendant Ernest Holloway has moved to vacate his conviction and sentence for conspiracy to distribute heroin. D.E. 215. Per local practice, the motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for the issuance of a recommended disposition. The United States has responded in opposition (D.E. 227), and Defendant failed to file a reply by the deadline set by the Court (D.E. 228). Having reviewed the motion and the record as a whole, the undersigned recommends that the motion be **DENIED** and that no certificate of appealability should issue.

## BACKGROUND

On April 19, 2016, Defendant appeared before the undersigned and pled guilty to the single charge returned by the grand jury against him, specifically conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. § 841(a)(1) and 846. D.E. 161. His pre-sentence investigation report calculated a base offense level of 24. D.E. 204 at 7. However, the offense level was increased to 34 based upon the following:

> The defendant was at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense; therefore, the defendant is a career offender. The offense level for a career offender is 34. U.S.S.G. §4B1.1.

*Id*. at 8. A three-level reduction was applied for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), yielding a total offense level of 31. *Id*. His criminal history category was determined to be VI due to his career offender designation pursuant to U.S.S.G. §4B1.1(b). *Id*. at 17. However, his criminal history category was separately determined to be VI on the basis of 15 criminal history points pursuant to the sentencing table in U.S.S.G. Chapter 5, Part A. *Id*.

A total offense level of 31 and a criminal history category of VI combined to yield a Guidelines Range of 188 to 235 months of imprisonment, which was adopted by the District Judge at sentencing. *Id*. at 23; D.E. 198. Defendant was sentenced to 192 months of imprisonment. D.E. 201 at 2. He appealed, challenging the procedural and substantive reasonableness of his sentence, but the Sixth Circuit affirmed. D.E. 212.

Next, Defendant filed the § 2255 motion currently under consideration. He raises three ineffective-assistance-of-counsel (IAC) claims and one due process claim. Specifically, he faults his court-appointed counsel, Hon. Christy Love, for failing to object to the use of certain prior convictions for the purposes of the career offender enhancement, for failing to object to the use of certain documents in that analysis, and for failing to assert a due process challenge to the statute defining the offense of conviction. D.E. 215 at 6-9. He also claims that that statute violates the due process clause of the Fifth Amendment, rendering his conviction and sentence to be void. *Id*. at 8.

2

# ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law. 28 U.S.C. § 2255. To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Defendant is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than other motions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

To successfully assert an ineffective-assistance-of-counsel claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006). To prove deficient performance, a defendant must show "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Strickland*, 466 U.S. at 688. But "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. at 689 (internal quotations omitted).

In order to prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.  When evaluating prejudice, courts generally must consider the "totality of the evidence." *Strickland*, 466 U.S. at 695.  Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697.

To show prejudice in the guilty-plea context, a movant "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial.'" *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)), *cert. denied sub nom. Hodges v. Carpenter*, 135 S. Ct. 1545 (2015), *reh'g denied*, 135 S. Ct. 2345 (2015).

To show prejudice in the sentencing context, a movant must establish that his "sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

### *Ground One*

In Ground One, Defendant claims that his 2006 Kentucky conviction for three counts of trafficking in marijuana does not qualify as a controlled substance offense for purposes of the career offender enhancement under U.S.S.G. §4B1.1, and his counsel rendered deficient performance when she failed to raise this as an objection to his career offender designation. D.E. 204 at 14; D.E. 215-1 at 2. Under the guidelines, a defendant is classified as a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant

4

offense of conviction; (2) the instant offense is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

Defendant's argument is premised upon particular definitions provided by Kentucky law. The conviction in question was for trafficking in marijuana. According to the pre-sentence investigation report, Defendant was convicted in 2006 of three counts of "Trafficking in Marijuana, greater than 8 oz., but less than 5 pounds." D.E. 204 at 14. The United States apparently contends these convictions were based upon KRS § 218A.1412. *See* D.E. 227 at 4. But, the description of the convictions in the pre-sentence report matches the offense and penalties under KRS § 218A.1421(3).

Kentucky law states a "person is guilty of trafficking in marijuana when he knowingly and unlawfully traffics in marijuana." Ky. Rev. Stat. Ann. § 218A.1421(1). "Traffic" is defined as "to manufacture, distribute, dispense, sell, [or] transfer . . . a controlled substance[,]" and "transfer" is defined as "to dispose of a controlled substance to another person without consideration and not in furtherance of commercial distribution[.]" Ky. Rev. Stat. Ann. § 218A.010(55)-(56). Defendant argues that the definition of a controlled substance offense in the Guidelines does not expressly include the words "traffic" or "transfer," and that neither concept falls within its scope. D.E. 215-1 at 3. He claims his counsel should have discovered the

5

mismatch and raised it as an objection to his career offender designation. *Id*. But the presiding District Judge in this case has previously rejected the foundation of Defendant's argument:

> [KRS § 218A.1412(1)] makes it a crime to "traffic" in a controlled substance, meaning "to manufacture, distribute, dispense, sell, transfer, or possess with intent to manufacture, distribute, dispense, or sell a controlled substance." Ky. Rev. Stat. 218A.010(55). Notably, regardless of how the defendant trafficked in the controlled substance, the penalty is the same, Ky. Rev. Stat. 218A.1412(3), meaning the statute defines a single offense.
>
> The language of Kentucky's definitional statute is functionally indistinguishable from that found in the sentencing guidelines, which defines a "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the *manufacture*, import, export, *distribution*, or *dispensing* of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b) (emphasis added). The Kentucky statute uses the same terms, adding only the "sale" or "transfer" of narcotics as prohibited conduct. But those terms connote the same range of conduct as that involved in the "distribution" of a controlled substance. *See* 21 U.S.C. § 802(11) (defining "distribute" under federal criminal law to mean to "deliver" a controlled substance); *see also United States v. Maldonado*, 864 F.3d 893 (8th Cir. 2017).

*Cathey v. Butler*, No. 6:16-292-GFVT, 2017 WL 4583246, *2 (E.D. Ky. Oct. 13, 2017). Although *Cathey* involved a conviction under KRS § 218A.1412 and Defendant was convicted under § 218A.1421(1), the definition of "traffic" under § 218A.010(55) applies to both offenses. Thus, the analysis in Cathey applies to Defendant's conviction under § 218A.1421. Defendant's conviction for felony trafficking in marijuana qualifies as a controlled substance offense for purposes of the career offender enhancement.

*Mathis v. United States*, 136 S. Ct. 2243 (2016), relied upon by Defendant, does not require a different result. "Even after *Mathis* was decided, this Court has thus held that a conviction under Ky. Rev. Stat. 218A.1412 constitutes a 'controlled substance offense' under §

6

4B1.2(b)." *Cathey*, 2017 WL 4583246 at *2 (citing *United States v. Knox*, No. 11-CR-60-DLB, 2016 WL 7320883, at *3 (E.D. Ky. Dec. 15, 2016). Again, the same analysis would apply to § 218A.1421.

Finally, Defendant argues that his counsel failed to argue the Kentucky conviction "was not categorically a felony offense . . . because [the statute] does not include a penalty" as an "element." D.E. 215-1 at 4. He contends he could have been charged with a misdemeanor violation of KRS § 218A.1421, and that therefore the statute "cannot comport itself with the language of § 4B1.2(b) and the Petitioner is not a career offender." *Id.* However, KRS § 218A.1421(3) squarely classifies trafficking in more than eight ounces, but less than five pounds, of marijuana as a Class D felony. *See* Ky. Rev. Stat. Ann. § 218A.1421(3). And the pre-sentence investigation report indicates Defendant received "4 years prison" on each of the three counts of conviction (D.E. 204 at 14), so the felony nature of the conviction was clearly established. Nor has Defendant pointed to any evidence whatsoever suggesting that his counsel should have investigated whether the convictions were accurately described as felonies. The same is true as to Defendant's argument that his 2005 conviction in this Court for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a) is not a felony because that subsection of the statute does not provide for any penalties. Section 841(b) provides multiple felony penalties. Thus, on these points, Defendant is simply wrong.

Defendant's arguments that his conviction for trafficking in marijuana under Kentucky law and his prior federal conviction do not qualify as a controlled substance offenses have no merit. Therefore, his counsel was not deficient for failing to raise such arguments and Defendant suffered no prejudice as a result.

### *Ground Two*

In Ground Two, Defendant claims his counsel was ineffective for "failing to object to the use of impermissible documents (arrest affidavits) that the government relied on to make him a career offender." D.E. 215 at 7. He claims that *Shepard v. United States*, 544 U.S. 13 (2005) would prohibit the Court from relying upon such affidavits because KRS § 218A.1421 "is an indivisible strict liability statute[.]" D.E 215-1 at 7. But the pre-sentence investigation report states "According to *the Indictment*, Ernest Holloway, on or about August 11th, 14th, and 28th, of 2003 committed the offense of Trafficking in Marijuana, greater than 8 oz., but less than 5 pounds, when he knowingly transferred one pound (on each date) to another." D.E. 204 ¶ 43 (emphasis added). Defendant's claim that "arrest affidavits" were relied upon to find that his marijuana trafficking conviction qualified as a controlled substance offense is directly contradicted by the record. Defendant does not cite to anything in the record supporting his claim that "arrest affidavits" were relied upon by the Court. Indeed, in his motion, he states "[t]he Petitioner does not have any access whatsoever to his pre-sentence investigation report but to the best of his knowledge and belief [the prior conviction was] described using arrest affidavits from said prior convictions." D.E. 215-1 at 7. His belief is contradicted by the record. Thus, he has established neither deficient performance nor prejudice.

### *Grounds Three and Four*

In Ground Four, Defendant claims "21 U.S.C. § 841(b) violates the due process clause of the 5th Amendment of the United States Constitution thus rendering Petitioner's sentence and conviction void." *Id*. In Ground Three, Defendant argues his counsel was ineffective for failing to argue that 21 U.S.C. § 841 "is an unconstitutional statute that violates the 5th Amendment." D.E. 215 at 8. As to the due process argument, he states he "would like to adapt the argument

8

made by 6th Circuit Judge Merritt in his well reasoned dissent from the Dado case." D.E. 215-1 at 10.  Next, he claims "§ 841(a) violates due process due to the fact that it is an offense without a punishment." *Id*.  Despite acknowledging the penalty provisions of section 841(b), Defendant claims "[b]eing charged with an offense under § 841(a) is a due process violation as it contains no notice of punishment, it is a strict liability offense." *Id*. at 11.  Finally, Defendant argues section 841 violates due process because it does not require that the offense affect interstate commerce, leaving no federal nexus or jurisdiction.  D.E. 215 at 8-9.

*United States v. Dado*, 759 F.3d 550 (6th Cir. 2014) controls and disposes of some of Defendant's due process arguments.  In *Dado*, the Sixth Circuit held, in part, that *Alleyne v. United States*, 570 U.S. 99 (2013) "did not rewrite § 841(b) to add a new *mens rea* requirement.  Under our precedent, §841(b) still allows for strict liability as to the type and quantity of the drugs involved in a § 841(a) offense." *Dado*, 759 F.3d at 570.  However, recognizing that the law disfavors strict liability offenses, the court noted "[o]ur circuit has not resolved whether § 841(b) can survive a due process challenge and we do not reach that question today.  We simply conclude that *Alleyne* has not overruled our precedent construing § 841(b)." *Id*. at 570-71. *Alleyne*, of course, was premised upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Alleyne* and *Apprendi* combine to require that, other than a previous conviction, any fact that increases the penalty for a crime, including a mandatory minimum penalty, "must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 570 U.S. at 103.

The court in *Dado* expressly considered both *Alleyne and Apprendi* in holding that section 841(b) is not tied to the *mens rea* required in section 841(a), "'which requires nothing more specific than an intent to distribute a controlled substance.'" *Dado*, 759 F.3.d at 570 (quoting *United States v. Villarce*, 323 F.3d 435, 439 (6th Cir. 2003)).  *Alleyne* and *Apprendi*

9

relied, at least partially, on due process principles. *See Alleyne*, 570 U.S. at 104 ("This [Sixth Amendment] right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt."); *Apprendi*, 530 U.S. at 469 ("The question presented is whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence . . . be made by a jury on the basis of proof beyond a reasonable doubt."). *Dado* is binding on this Court. Thus, to the extent Defendant relies upon the due process components of *Alleyne* and *Apprendi*, his argument is foreclosed by the holding in *Dado*. Additionally, obviously Defendant's adoption of Judge Merritt's dissenting opinion in *Dado* does not compel a different result because the majority in that case rejected Judge Merritt's view.

But, the issue presented to this Court is complicated by Defendant's undeveloped scattershot arguments and the *Dado* court's reservation of a "due process challenge" for another day. Defendant argues that § 841(a) is unconstitutional because it is a strict liability statute that "is an offense without a punishment." D.E. 215-1 at 10. He argues the language of the statute "is not sufficient enough to provide a defendant with proper notice as to what he needs to defend himself against." *Id*. Defendant cites only one case, *United States v. Barbosa*, 271 F.3d 438 (3rd Cir. 2001) and an unidentified Eleventh Circuit case that conflicts with *Barbosa*. Defendant's reliance upon *Barbosa* is not helpful to him as the portion he relies upon is consistent with *Dado*. *Compare* D.E. 215-1 at 10 (citing *Barbosa*, 271 F.3d at 457-58), *with Barbosa*, 271 F.3d at 458 ("We believe that the structure of the drug statutes and the policies behind them show that the Government's *mens rea* burden has not changed with the advent of *Apprendi*."). Moreover, his reliance upon *Barbosa*, which involved an *Apprendi* challenge to § 841(b), fails to recognize that the Sixth Circuit has held that the statute is not unconstitutional following *Apprendi*. *United*

10

*States v. Martinez*, 253 F.3d 251, 256 n.6 (6th Cir. 2001). Obviously, an unidentified Eleventh Circuit decision does not advance Defendant's claim.

As a part of Ground Four, Defendant claims that section 841(a) is unconstitutional because it does not include as an element a commercial nexus or that the conduct affected interstate commerce. *See* D.E. 215 at 8-9. No authority is cited in support of this claim. The government counters that no such effect upon interstate commerce is required "because drug trafficking constitutes an economic enterprise that always implicates interstate commerce concerns." *United States v. Ledbetter*, No. 2:14-CR-127, 2015 WL 4941812, *5 (S.D. Ohio Aug. 20, 2015). Thus, the statute satisfies "any Commerce Clause concerns even in the absence of an explicit 'case-by-case' finding that the regulated activity (drug trafficking) bears a sufficient connection to interstate commerce." *Id*. This Court agrees with that analysis.

The result is that Defendant's theory that section 841(a) is unconstitutional is inadequate in several ways. First, it was not so readily apparent or meritorious to find that Defendant's counsel should have raised the issue, and failing to do so did not constitute deficient performance. Second, his theory is too weak to find that, even if raised, there is a reasonable probability that it would have resulted in a better outcome as to either his conviction or sentence. Thus, he is not entitled to relief as to Ground Three. Finally, the unconstitutionality theory is summarily presented as a stand-alone claim in Ground Four. His argument is too undeveloped and lacking in authority to amount to an error having a substantial and injurious effect or influence on the proceedings. Thus, he is not entitled to relief on Ground Three.

## CONCLUSION

Based upon the foregoing, the undersigned recommends that Defendant's motion (D.E. 215) be **DENIED**.

Defendant requests an evidentiary hearing (D.E. 215 at 10), but a hearing is not warranted. An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b); *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. In this case, Defendant's claims are not premised on any issue of disputed fact, but merely present legal arguments that have no merit. The record therefore "conclusively show[s]" Defendant is not entitled to relief. *Arredondo*, 178 F.3d at 782.

A Certificate of Appealability may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a § 2255 petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003) (discussing the development of the standard). The Court finds that Defendant's claims are completely lacking in merit so no reasonable jurist would find them debatable or wrong. Thus, no Certificate of Appealability should issue.

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued

under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 26th day of April, 2018.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge