UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff/Respondent, ) <br> ) <br> V. ) <br> ) <br> ERNEST HOLLOWAY, ) <br> ) <br> Defendant/Petitioner. ) | Crim. No.: 6:15-cr-0021-GFVT-HAI-4 <br> Related Civil No.: 6:17-cv-0258-GFVT-HAI <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 230.] The Defendant, Ernest Holloway, has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 215.] Consistent with local practice, Judge Ingram reviewed the motion and ultimately recommends that the Court deny the Defendant's § 2255 motion in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th

Cir. 1991).

Mr. Holloway filed timely objections.[1] However, Mr. Holloway's only objection seems to be the denial of a certificate of appealability as to each of his issues. [R. 231.] This objection is sufficiently definite to trigger the Court's obligation to conduct a *de novo* review.[2] *See* 28 U.S.C. § 636(b)(1)(c). On the same day, Mr. Holloway submitted a Motion to Amend, where he requests permission to add an additional claim for ineffective assistance of counsel based on his counsel's failure to request a reduction for his minor role in the conspiracy.

I

Judge Ingram's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Ingram's discussion of the Record in this Order.

On August 27, 2015, Mr. Holloway was indicted for conspiracy to distribute heroin. [R. 47.] He ultimately entered a guilty plea, without a plea agreement, to this charge on April 19, 2016. [R. 161; R. 162.] He was sentenced by former United States District Judge Amul Thapar on September 6, 2016, to 192 months imprisonment. [R. 198; R. 201.] Mr. Holloway timely appealed his sentence, and the Sixth Circuit Affirmed. [R. 202; R. 212.] Hon. Christy Love represented Mr. Holloway by CJA appointment before both the District Court and the Circuit Court. [R. 86; R. 206.]

---

[1] Pursuant to the prison mailbox rule, Mr. Holloway filed his objections on May 21, 2018. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002). However, he states in his objections that he did not receive the Report and Recommendation until May 7, 2018, eleven days into the fourteen-day objection period. Accordingly, the Court construes Mr. Holloway's first paragraph to be a motion for leave to file objections out of time, which is **GRANTED**.

[2] The Court generally applies a less stringent standard to pleadings made by *pro se* litigants. *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

## II

### A

In his § 2255 Petition, Mr. Holloway asserted four arguments: (1) ineffective assistance of counsel for failure to object to the use of prior convictions for the purpose of the career offender enhancement; (2) ineffective assistance of counsel for failure to object to the use of "impermissible arrest affidavits;" (3) ineffective assistance of counsel for failure to assert a due process challenge to the statute defining his offense of conviction; and (4) a constitutional challenge to the statute defining his offense of conviction, claiming 21 U.S.C. § 841 violates the due process clause of the Fifth and Fourteenth Amendments. [R. 215-1.] Judge Ingram thoughtfully considered each of these claims and determined that Mr. Holloway is not entitled to relief. [R. 230.] Specifically, Judge Ingram determined, under Sixth Circuit precedent, 21 U.S.C. § 841 does not violate due process. *Id*. at 8–11 (citing *United States v. Dado*, 759 F.3d 550 (6th Cir. 2014)). Accordingly, Judge Ingram found that, even if Ms. Love had asserted this due process challenge, the challenge would not have succeeded, and therefore, even if he could demonstrate Ms. Love's performance was deficient, he could not establish that such performance was prejudicial. *Id*.; *see Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to his second claim concerning "impermissible arrest affidavits," Judge Ingram found that the Record contradicted Mr. Holloway's assertions, as the Court and Government relied on an indictment, not "arrest affidavits." *Id*. at 8. Finally, Judge Ingram determined his prior Kentucky convictions to be qualifying offenses under the career offender enhancement, and therefore, Mr. Holloway was not prejudiced by Ms. Love's failure to object to the use of those convictions. *Id*. at 4–7.]

Judge Ingram then denied Mr. Holloway's request for an evidentiary hearing because his claims were not premised on issues of disputed fact, only legal arguments. *Id*. at 12. Thus, he found the Record conclusively showed Mr. Holloway was not entitled to relief. *Id*.; *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Additionally, Judge Ingram denied a Certificate of Appealability, finding Mr. Holloway's claims lacked legal merit, and thus, no reasonable jurist could find them debatable. *Id*.; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 335–58 (2003).

Mr. Holloway only objects to Judge Ingram's denial of a Certificate of Appealability as to all issues, claiming reasonable jurists could debate these issues. [R. 231.] A petitioner does not need to prove that some jurists would grant his petition, but he must show that reasonable jurists would find the trial court's assessment of his constitutional claims to be wrong. *Miller-el*, 537 U.S. at 337–38. Here, Judge Ingram's denial of each of Mr. Holloway's claims was based on standing legal precedent. While dissenting jurists[3] to those precedential cases may be sympathetic to his claims, no reasonable jurist would debate the trial court's *assessment* of those claims. Judge Ingram's decision did not result from a new analysis of federal law, but rather from determinations already made by the Sixth Circuit, suggesting the issues do not "deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estell*, 463 U.S. 880, 894 (1983)). Mr. Holloway, therefore, has not made the required "substantial showing of the denial of a constitutional right" necessary to issue a Certificate of Appealability, and his objections are overruled.

---

[3] Mr. Holloway relies heavily on Judge Merritt's dissenting opinion in *United States v. Dado*, 759 F.3d 550 (6th Cir. 2014), to support his due process claims. [R. 215-1 at 10–11.]

4

**B**

Mr. Holloway also requests permission to amend his original § 2255 petition. [R. 232.] He wishes to add an additional claim for ineffective assistance of counsel based on Ms. Love's failure to request a reduction pursuant to U.S.S.G. § 3B1.2(b).[4] Federal Rule of Civil Procedure 15(1)(1) permits a party to amend its pleadings as a matter of course within either twenty-one days of service or, if a responsive pleading is required, within twenty-one days of service of a responsive pleading. Mr. Holloway filed his motion to amend eight months after his initial § 2255 petition, well after this twenty-one-day window. [*Compare* R. 215 *with* R. 232.] Therefore, Mr. Holloway may only amend his petition with the Government's written consent or with leave of the Court. Fed. R. Civ. Pro. 15(a)(2). The Government opposes this proposed amendment on the basis of undue delay and futility. [R. 233.]

When a party files a motion to amend pleadings, "the Court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The United States Supreme Court has read this provision broadly, and the Sixth Circuit has recognized that "where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).

Mr. Holloway believes he is entitled to a mitigating role adjustment because he "was involved with the conspiracy of distributing heroin for a shorter period of time than his codefendants." [R. 232 at 2.] Under U.S.S.G. § 3B1.2, a defendant's offense level may be

---

[4] Mr. Holloway's claim is for Ms. Love's failure "to Request for a Two or Three point reduction pursuant to U.S.S.G. § 1B1.3, for his Minor Role in the Conspiracy." [R. 232 at 2.] However, the "Minor Role" adjustment is under U.S.S.G. § 3B1.2.

decreased by four levels if he was a minimal participant or two levels if he was a minor participant. The determination of whether to apply such a reduction is heavily fact-based and requires a consideration of the totality of the circumstances. U.S.S.G. § 3B1.2 Application Note 3(C). A "minimal participant" is the least culpable among those involved in the crime and one who lacks knowledge or understanding concerning the scope and/or structure of the criminal enterprise. *United States v. Randolph*, 794 F.3d 602, 616 (6th Cir. 2015). A defendant who lacks knowledge about the activities of the others could be a minimal participant. *Id*. A "minor participant" is substantially less culpable than the average participant in the criminal enterprise but could not be classified as a minimal participant. *See, e.g., United States v. Hernandez*, 721 F. App'x 479, 483 (6th Cir. 2018). Simply because a defendant was less culpable than co-conspirators does not make him *substantially* less culpable and does not necessarily warrant a minor role adjustment. *United States v. Miller*, 56 F.3d 719, 720–21 (6th Cir. 1995).

Here, Mr. Holloway requests an adjustment for being a minor participant, solely on the basis that he was involved for less time than his codefendants. [R. 232 at 2.] This may be true, and the Government conceded as much at sentencing. [R. 209 at 11.] However, all co-conspirators in this case were charged with a conspiracy lasting from June 2014 through on or about January 15, 2015. [R. 47.] Each of the co-conspirators pleaded guilty to this conduct. [R. 92; R. 101; R. 157; R. 161.] Mr. Holloway admitted he, like his co-conspirators, was involved in distributing heroin of his own volition. [R. 211 at 685–87.] He admitted to responsibility for over 100 grams of heroin. *Id*. at 686. Simply because he was involved for less time than his co-conspirators does not mean he was *substantially* less culpable than his co-conspirators. *Miller*, 56 F.3d at 720–21. Mr. Holloway still distributed a large amount of heroin and actively participated in the conspiracy, both of which demonstrate he was not a minor participant.

6

Therefore, even if Ms. Love had made the objection and requested an adjustment, Mr. Holloway was not entitled to such an adjustment, and was therefore not prejudiced by her performance and could not succeed on a claim for ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because he could not succeed on this claim, permitting such an amendment would be futile. *See United States ex rel. Ibanez v. Bristol-Myers Squibb Company*, 874 F.3d 905, 917–18 (6th Cir. 2017). Accordingly, Mr. Holloway's Motion to Amend is denied.

### III

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Ingram's thorough analysis of Mr. Holloway's claims. The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Movant Ernest Holloway's Motion for Leave to Amend his Motion to Vacate [**R. 232**] is **DENIED**;

2. Defendant/Movant Ernest Holloway's Objections to the Recommended Disposition [**R. 231**] are **OVERRULED**;

3. The Magistrate Judge's Recommended Disposition [**R. 230**] is **ADOPTED** as and for the Opinion of this Court;

4. Defendant/Movant Ernest Holloway's Motion to Vacate under § 2255 [**R. 215**] is **DISMISSED WITH PREJUDICE**;

5. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

6. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 10th day of December, 2018.

Gregory F. Van Tatenhove
United States District Judge