UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:15-cr-00021-GFVT-HAI-4 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ERNEST HOLLOWAY, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Ernest Holloway's Motion for Compassionate Release and a subsequent Motion to Supplement.  [R. 305; R. 314.]  Mr. Holloway believes he should be released from prison because he would not have received such a lengthy sentence had he been sentenced under current law.  Nonretroactive legal developments do not justify compassionate release.  *United States v. McCall*, 56 F.4th 1048, 1065–66 (6th Cir. 2022).  Because the changes that Mr. Holloway discusses are nonretroactive, his Motion for Compassionate Release **[R. 305]** is **DENIED**.

**I**

Ernest Holloway is a federal inmate serving a 192-month sentence.  [R. 201 at 2.]  He pled guilty to one count of conspiracy to distribute heroine in violation of 21 U.S.C. § 846.  *Id.* at 1.  At sentencing, he received an increased guideline recommendation as a career offender because he had at least two prior felony convictions of either a crime of violence or a controlled substances offense, pursuant to United States Sentencing Guidelines § 4B1.1.  [R. 204 at 8.]

This is Mr. Holloway's second motion for compassionate release.  In 2021, Mr. Holloway argued that his age (forty-four), hypertension, hepatitis, and asthma, when combined

with the threat of COVID-19, constituted an extraordinary and compelling reason to justify his early release. [R. 257 at 3.] The Court disagreed, noting the protection that vaccination affords Mr. Holloway against the worst effects of the coronavirus. *Id.* at 3–4.

Now, Mr. Holloway renews his request. [R. 305.] He again relies upon the difficulties of prison life in light of COVID-19, his health issues, alleged inadequacy of the existing vaccines, and changes to the law that could result in similarly situated offenders receiving shorter sentences. *Id.* The United States opposes his request. [R. 312.] The matter is ripe for review.

## II

### A

First, the Court considers its ability to rule on Mr. Holloway's motion. Under the First Step Act, a prisoner must first seek a sentence reduction through the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). A federal court can reduce an inmate's term of imprisonment after receiving a motion from the Director of the Bureau of Prisons. *Id.* Alternatively, a prisoner can bring a compassionate release motion himself, but he must first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or [demonstrate] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." *Id.*

The First Step Act's exhaustion requirement creates a mandatory, but non-jurisdictional, rule. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). When properly invoked, the exhaustion requirement is binding on a court. *Id.* at 834. Futility does not excuse compliance with Congress's requirement that a prisoner exhaust his remedies with the BOP before pursuing compassionate release in federal court. *Id.* at 835. Indeed, inmates must exhaust their administrative remedies as to each request for compassionate release before filing a new motion

in federal court.  *United States v. Smith*, No. 3:16-cr-348, 2022 U.S. Dist. LEXIS 18316, at *2 (N.D. Ohio Feb. 1, 2022).

Mr. Holloway asserts that he has exhausted his administrative remedies by filing a request with his warden and waiting the requisite thirty days.  [R. 305 at 3–4.]  As proof, he submits a copy of a BOP Reduction in Sentence Application Form as well as a letter denying his request.  [R. 305-2; R. 305-3.]  The United States confirms that Mr. Holloway complied with the exhaustion requirement.  [R. 312 at 1 n.1.]  Accordingly, the matter is properly before the Court.

**B**

Turning to the merits of Mr. Holloway's motion, there is no basis to grant a reduction to his term of incarceration.  Given the plain text of Section 3582(c)(1)(A), compassionate release "is discretionary, not mandatory."  *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020). In general, Section 3582 allows for modification of a term of imprisonment if the following substantive requirements are met: (1) a finding that extraordinary and compelling reasons merit a reduction in sentence;  (2) a finding that the reduction in sentence is consistent with applicable Sentencing Commission policy statements; and (3) a finding that applicable Section 3553(a) factors support release.  18 U.S.C. § 3582(c)(1)(A).  However, if a prisoner files a motion for compassionate release, as opposed to a motion brought by the Director of the Bureau of Prisons, district courts consider only the first and third factors.[1]  *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).  This means that, in reviewing motions for compassionate release brought by prisoners, once extraordinary and compelling reasons meriting a reduction in sentence have been

---

[1] The elimination of consideration of Sentencing Commission policy statements could be temporary.  The Sentencing Commission has not yet adopted a policy statement applicable to a motion for compassionate release filed by a defendant.  *United States v. McCall*, No. 21-3400, 2022 U.S. App. LEXIS 35473, at *11 (6th Cir. Dec. 22, 2022).  Thus, the ability of district courts to skip the second factor appears to be a practical matter rather than a legal one.  *See id.*

found, the Court can skip straight to analyzing the applicable Section 3553(a) factors. *Id*. The Court considers these two issues separately.

**1**

Mr. Holloway has not demonstrated an extraordinary and compelling reason to grant him early release. His main argument is that the law would no longer consider him to be a career offender for the purposes of a sentencing enhancement. [*See* R. 305 at 13–15.] Mr. Holloway claims that the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022), allows district courts to consider intervening changes in law as an extraordinary and compelling reason for release. [R. 314 at 2.]

Under the guidelines, a defendant over the age of eighteen is considered a career offender if the instant offense is ether a crime of violence or a controlled substance crime and the defendant has two prior felony convictions for a crime of violence or a controlled substances crime. U.S. Sent'g Guidelines Manual § 4B1.1 (U.S. Sent'g Comm'n 2021). Mr. Holloway suggests that his conviction for conspiracy to distribute controlled substances would no longer be a predicate prior felony conviction for the purposes of the enhancement. [R. 305 at 14 (citing *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019).] But *Havis* enacted non-retroactive changes to the law. *See United States v. Peake*, No. 22-5733, 2023 U.S. App. LEXIS 13282, at *4 (6th Cir. May 30, 2023) (discussing *Havis*). "Nonretroactive legal developments, considered alone or together with other factors, cannot amount to an 'extraordinary and compelling reason' for a sentence reduction." *United States v. McCall*, 56 F.4th 1048, 1065–66 (6th Cir. 2022). "*Concepcion* concerned a different and unrelated provision of the First Step Act . . . .". *Id.* at 1061. Mr. Holloway's concerns regarding the length of his sentence do not amount to an extraordinary and compelling reason to release him.

4

Second, Mr. Holloway repeats his concerns regarding COVID-19 that he expressed in his previous motion for compassionate release.  [R. 305 at 4–5.]  To add a new veneer to these arguments, Mr. Holloway suggests that the Government underestimates the difficulty of living in prison during a pandemic.  [R. 313 at 3.]  He claims that his densely packed housing facility constantly contains an infected inmate who threatens to transmit the virus to him.  *Id.*

In opposition, the Government argues that this concern, as a matter of binding precedent, does not amount to an extraordinary and compelling reason for release.  [R. 312 at 2–3.]  The Court agrees.  The Sixth Circuit holds that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."  *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (Easterbrook, J.)).  Mr. Holloway's medical records show that he has received the vaccine while in prison; indeed, Mr. Holloway confirms that he has received a booster recently.  [R. 311; R. 313 at 2.]

To maintain his COVID-19 claim, Mr. Holloway argues that the efficacy of the vaccines has diminished.  [R. 305 at 7.]  But the Sixth Circuit did not base its holding in *Lemons* on a mistaken notion that the vaccines are one-hundred-percent effective.  Rather, the panel reasoned that the vaccine allows inmates to "largely face[] the same risk from COVID-19 as those who are not incarcerated."  *Lemons*, 15 F.4th at 751.  Mr. Holloway's concerns with breakthrough cases would equally be present were he to be release.  [*See* R. 305 at 7.]  Mr. Holloway's coronavirus concerns are not an extraordinary and compelling reason to release him.

**2**

While the Section 3553(a) factors do not support an early release for Mr. Holloway, there are many positive factors in his ledger. Mr. Holloway admits that he has a lengthy criminal history but relates that he has "worked on himself while incarcerated" and "has demonstrated personal characteristics that reflect positiv[e] substantial rehabilitation." [R. 305 at 21.] His family agrees. They sent an outpouring of support to supplement Mr. Holloway's Motion. [R. 309.]

Mr. Holloway's brother-in-law relates that Mr. Holloway has "been a great support system for my wife" while the couple mourned the loss of their adult son. *Id.* at 1. Mr. Holloway's sister confirms that, when she faced a mountain of grief after losing her mother, her adult son, and her granddaughter in quick succession, Mr. Holloway provided her comfort and care. [R. 309-1 at 5–6.] Given the change that she has seen in him, she believes that Mr. Holloway will have a family, a church, and a job that are all ready to provide him with a support system outside of prison. *Id.* at 6. Mr. Holloway's eldest daughter also believes that he is a changed man and that he can provide much needed support for her younger siblings if released. [R. 309-3 at 1.]

That said, no one is the sum of his best traits alone. Mr. Holloway's past raises concerns with his candidacy for early release. 18 U.S.C. § 3553(a)(1). Mr. Holloway has "seventeen prior convictions for other drug offenses, menacing, escape, public intoxication, drunk driving, and receiving stolen property." [R. 257 at 5.] The nature and circumstances of his current offense—trafficking 100 grams or more of heroin—are severe. *Id.* And the need to protect the public remains a significant consideration. *Id.* § 3553(a)(2)(C). Mr. Holloway's record shows a

consistent pattern in which he is arrested for drug crimes, spends time in prison, and then quickly recidivates.  [*See* R. 312 at 6.]

The Court appreciates Mr. Holloway's efforts to better himself.  More poignantly, the Court appreciates the heartfelt desire of his relatives to see their family reunited.  But the totality of the Section 3553(a) factors continue to justify Mr. Holloway's sentence.

### III

Ultimately, Mr. Holloway is not a suitable candidate for early release.  Absent an extraordinary and compelling justification, the Court cannot liberate him at this time.  *See United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022) ("A district court . . . must deny a defendant's motion [for compassionate release] if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction.").  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Mr. Holloway's Motion for Compassionate Release **[R. 305]** is **DENIED**;

2. Mr. Holloway's Motion to Supplement his Motion for Compassionate Release **[R. 314]** is **GRANTED**, but he is afforded no relief;

3. For the reasons stated therein, the United States's Motion to Seal **[R. 310]** is **GRANTED**; and

4. The Clerk is **DIRECTED** to maintain the United States's filing located at **[R. 311]** under seal.

7

This the 16th day of June 2023.

Gregory F. Van Tatenhove
United States District Judge